# JUVENILE COURT PROCEDURAL RULES COMMITTEE
## FINAL REPORT[1]

## Amendment of Pa.R.J.C.P. 512, 610, and 612

On May 11, 2017, the Supreme Court amended Rule of Juvenile Court Procedure 512 to require that counsel review a colloquy of post-dispositional rights with the juvenile after disposition in a delinquency proceeding. Additionally, the juvenile court would ensure the colloquy had been conducted and the juvenile understood his or her post-dispositional rights. Rules 610 and 612 were also amended to include this requirement when there is a change in disposition that aggrieves the juvenile.

The process reflected in these amendments was guided by prior rulemaking concerning the use of a written admission colloquy in Rule 407(C). Further, forms used in several counties to inform juveniles of their post-dispositional rights were examined to develop the post-dispositional rights colloquy.

Similar to the requirements of Rule 407, amended Rule 512 places primary responsibility on the juvenile's attorney for conveying information about post-dispositional rights. Likewise, the juvenile court would then conduct an independent inquiry confirming the juvenile's understanding. The proposed form in Rule 512(C) is intended to provide the minimum information to a juvenile; a judicial district may add to the form pursuant to local rulemaking.

Rule 610 and Rule 612 were amended to require this colloquy and inquiry when there is a change in disposition that aggrieves the juvenile. The term "aggrieved" was selected to indicate that the juvenile must be adversely affected by the decision for the colloquy and inquiry of post-dispositional rights to be required.

---

[1] The Committee's Final Report should not be confused with the official Committee Comments to the rules. Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.